UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Judia Jackson, Independent Administrator of the Estate of Joe
Ann Jackson, deceased.

                                  Plaintiff,

v.                                                                    No.

United States of America,

                                  Defendant.

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Judia Jackson, Independent Administrator of the Estate of Joe Ann Jackson, deceased., by and through her attorneys Randall F. Peters & Associates, and complaining of the Defendant United States of America, state as follows:

### JURISDICTION AND VENUE

1.     This is an action arising under the Federal Torts Claim Act, 28 U.S.C.§2671 et seq; 28 U.S.C.§2672 et. seq.

2.     Plaintiff, Judia Jackson, is the duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased. A copy of the order of appointment, affidavit of heirship, and Letters of Office are attached hereto.

3.     Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, has complied with Section 2675 (a) of the Federal Tort Claims Act, and has exhausted administrative remedies before filing this suit.

4.     On July 27, 2018, Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, submitted an administrative claim with the United States Department of Health and Human Services, received on July 30, 2018 in the sum total of $1,583,880.00. Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, demanded $500,000.00 for conscious pain and suffering-survival action of Joe Ann Jackson, deceased; Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, demanded $1,000,000 for the wrongful death of Joe Ann Jackson; Plaintiff Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, demanded $83,880.00 for the hospital, funeral and burial expenses of Joe Ann Jackson, deceased.

5.     The United States Department of Health and Human Services on December 20, 2018, mailed written denial of the claims. Pursuant to 28 U.S.C. 2675(a), Judia Jackson, duly appointed Independent Adminisrator of the Estate of Joe Ann Jackson, deceased, elected to file a Complaint against the Defendant, United States of America, in a District Court.

6. This Court is vested with jurisdiction pursuant to 28 U.S.C. §1346 (b). Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, resides in Chicago, Illinois, Cook County, and within the Northern District of Illinois, Eastern Division. The complaint of acts and omissions of the defendant United States of America occurred within the Northern District of Illinois, Eastern Division.

7. On August 2, 2016, and at all times relevant, Access Community Health Network (hereinafter referred to as Access) had been deemed by the United States Department of Health and Human Services to be an employee of the United States of America pursuant to 42 U.S.C. §233, for Federal Tort Claims Act purposes only.

8. On August 2, 2016, and at all times relevant, Access was a private entity receiving grant money from the United States Public Health Service pursuant to 42 U.S.C. §233.

9. On August 2, 2016, and at all times relevant Access was owned and/or operated by the Defendant, United States of America, through the United States Public Health Service, an agency of the Defendant.

## COUNT I
### (Medical Negligence)

1-9 Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, restates, realleges and incorporates by reference paragraphs 1 through 9 above, including all subparagraphs, as and for paragraphs 1 through 9 of Count I.

10. Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, brings this action pursuant to and authorized by order of appointment on behalf of the Estate of Joe Ann Jackson, deceased and next of kin.

11. That on or about August 2, 2016, and at al times relevant and subsequent thereto, Nadira Alikhan, M.D., was a duly licensed physician, practicing medicine in the State of Illinois, and the County of Cook.

12. That on or about August 2, 2016, and at all times relevant thereto, Plaintiff's decedent, Joe Ann Jackson, was a patient under the care and treatment of Nadira Alikhan, M.D., Access, and member of the medical staff at St. Anthony Hospital, Cook County, Illinois, for gastro intestinal bleeding, and while hospitalized developed respiratory insufficiency and bowel distention requiring further evaluation, assessment and treatment.

13. That on or about August 2, 2016 and at all times material, Nadira Alikhan M.D., was an agent apparent agent and/or employee of Access.

14. That on or about August 2, 2016 and at all times material, Access undertook to employ physicians such as Nadira Alikhan M.D., for the purpose of providing medical services to individuals like the Plaintiff's decedent Joe Ann Jackson.

15. That on August 2, 2016, and at all times material, Nadira Alikhan M.D., was a member of the medical staff at St. Anthony Hospital.

16. While providing medical care and treatment to Plaintiff's decedent Joe Ann Jackson at St. Anthony Hospital, Nadira Alikhan M.D., was doing so as an employee, agent and/or apparent agent of Access and the United States.

17. While providing medical care and treatment to the Plaintiff's decedent, employee, agent and/or apparent agent of Access, including Nadira Alikhan M.D., had a duty to possess and apply the knowledge and use the skill and care which reasonably well-qualified and/or reasonably careful medical professionals would use in cases like Plaintiff's.

18. Defendant, United States of America, by and through the actions and/or omission of this employees, agents and/or apparent agents, including Nadira Alikhan M.D., breached its duties and was negligent in one or more of the following respects:

a. Failed to adequately evaluate signs of gastrointestinal bleeding and bowel distention;
b. Failed to timely treat worsening small bowel distention; and
c. Failed to timely obtain surgical consultation for worsening small bowel distention.

19. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of United States of America, by and through its employees, agents and/or apparent agents, including but not limited to Nadira Alikhan M.D., Plaintiff's decedent, Joe Ann Jackson, sustained irreversible injury from which she was unable to recover and died on August 2, 2016.

20. That Plaintiff's decedent, Joe Ann Jackson, left surviving next of kin and heirs at law who have suffered her loss of society and companionship.

21. That as a direct and proximate result of the aforesaid death, surviving heirs and next of kin of decedent have been deprived of pecuniary support and valuable services which would regularly have been contributed and would have continued but for her death.

22. The plaintiff has attached as Group Exhibit A, an attorney affidavit and reports of reviewing health professional in compliance with 735 ILCS 5/2-622 of the Illinois complied Statutes as amended.

WHEREFORE, Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, demands judgement against Defendant United Sates of America in a sum of money in excess of $75,000.00, together with the costs of this action.

## COUNT II
### (Survival Act)

NOW COMES the Plaintiff, Judia Jackson, Independent Administrator of the Estate of Joe Ann Jackson, deceased., by and through her attorneys Randall F. Peters & Associates, and complaining of the Defendant United States of America state as follows:

1-22 Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, restates, realleges and incorporates by reference paragraphs 1 through 22 above, including subparagraphs, as and for paragraphs 1 through 22 of Count II.

23.    That the Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, brings this action pursuant to and authorized by order of appointment on behalf of the Estate of Joe Ann Jackson, deceased and next of kin.

24.    As a direct and proximate result of one or more of the foregoing acts of negligence, Plaintiff's decedent sustained severe and permanent injury, pain, suffering, mental and emotional distress until her death on August 2, 2016, all to her damages.

25.    That the Plaintiff brings this action pursuant to the Survival Act, 755 ILCS 5/27-6 (1995).

WHEREFORE, Plaintiff, Judia Jackson, duly appointed Independent Administrator of the Estate of Joe Ann Jackson, deceased, demands judgement against Defendant United Sates of America in a sum of money in excess of $75,000.00, together with the costs of this action

_____
Randall F. Peters

Randall F. Peters & Associates
177 N. State Street
3rd Floor
Chicago, Il 60601
Attorney No. 11942

4